UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Sonia Feldman,

          Plaintiff(s),

vs.

Mark Anthony Sawyer, et al.,

          Defendant(s).

2:24-cv-00526-JCM-MDC

**ORDER GRANTING MOTION TO WITHDRAW**

    Pending before the Court is defense counsel's *Motion to Withdraw* (ECF No. 31) ("Motion"). For the reasons stated below, the Court GRANTS the Motion.

## **DISCUSSION**

    Under Local Rule ("LR") IA 11-6(b) "[if] an attorney seeks to withdraw after appearing in a case, the attorney must file a motion or stipulation and serve it on the affected client and opposing counsel." LR IA 11-6(b). Defendants' counsel – E. Brent Bryson, Esq. of the law firm of E. Brent Bryson, Ltd.– moves to withdraw as counsel for all defendants because defendants have failure to communicate with counsel and have failed to adequately retain Counsel for the matter. *See* Motion, ECF No. 31..

    Counsel served his motion on all parties and the affected client defendants as required. Counsel further certifies that he advised defendants of his intent to withdraw. Plaintiff filed a non-opposition to the motion. Defendants did not respond to the Motion, or otherwise oppose counsel's withdrawal, which constitutes consent to the Motion. *See* LR 7-2(d). Pursuant to the current Stipulated Discovery Plan and Scheduling Order, the pretrial and discovery deadlines are as follows:

    Discovery Cutoff Date:   **Monday, March 10, 2025**

    Initial Expert Disclosures:   **Thursday, January 9, 2025**

    Rebuttal Expert Disclosures:   **Monday, February 10, 2025**

    Amending the Pleadings and Adding Parties:   **Monday, December 9, 2024**

Dispositive Motions:  **Wednesday, April 9, 2025**

Joint Pretrial Order:   **Friday, May 9, 2025**

The Court finds that counsel has shown good cause to withdraw and therefore GRANTS the Motion.

### **DEFENDANT ENTITIES MUST RETAIN NEW COUNSEL**

Defendants are cautioned that in federal courts, corporate entities may only appear through licensed counsel.  *United States v. High Country Broad. Co*., *United States v. High Country Broad. Co*, 3 F.3d 1244, 1245 (9th Cir. 1993). Therefore, the corporate defendants must retain counsel and file a notice of appearance by new counsel on or before **February 20, 2025**.  Failure to do so will result in adverse consequences, including sanctions and judgment against such corporate defendants.

**For the foregoing reasons,**

**IT IS ORDERED that:**

1. The *Motion to Withdraw* (ECF No. 31) is **GRANTED**.  The Clerk of Court is kindly directed to remove E. Brent Bryson, Esq. of the law firm of E. Brent Bryson, Ltd. as counsel of record for defendants and from electronic service list for this case.

2. The Clerk of the Court is kindly directed to add the last known address of defendants to the docket and send a copy of this Order to their last known addresses:
   a. **MARK SAWYER**
      6940 N. Jensen St,
      Las Vegas, NV 89149
      Email: msawyer2729@yahoo.com

   b. **JENNIFER SAWYER**
      6940 N. Jensen St,
      Las Vegas, NV 89149
      Email: jen61002@hotmail.com

   c. **MJS NEVADA TRUST**
      6940 N. Jensen St,
      Las Vegas, NV 89149

    d. **THE PROPERTY LOCATED AT:**
       6508 Setting Moon Street
       North Las Vegas, NV 89084-1258

    e. **ATD COMMERCE, LLC**.
       C/o US CORPORATE SOLUTIONS, LLC
       2685 S. Rainbow Blvd., Suite 213
       Las Vegas, NV 89146

    f. **ACM NORTH, LLC.**
       C/o US CORPORATE SOLUTIONS, LLC
       2685 S. Rainbow Blvd., Suite 213
       Las Vegas, NV 89146

    g. **MAS HOLDINGS GROUP, LLC.**
       C/o US CORPORATE SOLUTIONS, LLC
       2685 S. Rainbow Blvd., Suite 213
       Las Vegas, NV 89146

    h. **SAWYER HOLDINGS, LLC**
       C/o JEFFREY BURR, LTD.
       2600 Paseo Verde Pkwy., Suite 200
       Henderson, NV 89074

3. Non-corporate defendants (Mark Sawyer and Jennifer Sawyer) shall file either a notice of appearance of new counsel or a notice of intent to proceed *pro se* on or before **February 20, 2025**.

4. The corporate defendants (all other defendants) shall file a notice of appearance of new counsel on or before **February 20, 2025.**

5. Failure to timely comply with this order may result in sanctions, including a recommendation that this case be dismissed.

DATED this 20th day of December 2024.

IT IS SO ORDERED.

                                                                  _____
                                                                  Hon. Maximiliano D. Couvillier III
                                                                  United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.