# EXHIBIT Z1

CLOTHILDE V. HEWLETT
Commissioner
MARY ANN SMITH
Deputy Commissioner
SEAN M. ROONEY
Assistant Chief Counsel
DANIELLE A. STOUMBOS (State Bar No. 264784)
Senior Counsel
KELLY SUK (State Bar No. 301757)
Senior Counsel
Department of Financial Protection and Innovation
320 West 4th Street, Suite 750
Los Angeles, California 90013
Telephone: (213) 503-2046
Email: Danielle.Stoumbos@dfpi.ca.gov
      Kelly.Suk@dfpi.ca.gov

Attorneys for Complainant

BEFORE THE DEPARTMENT OF FINANCIAL PROTECTION AND INNOVATION

OF THE STATE OF CALIFORNIA

| In the Matter of: | CFL LICENSE NO.: 6053860 |
|---|---|
| THE COMMISSIONER OF FINANCIAL PROTECTION AND INNOVATION, | |
| Complainant, | ACCUSATION TO REVOKE CALIFORNIA FINANCING LAW LICENSE PURSUANT TO FINANCIAL CODE § 22714 |
| v. | |
| MARK ANTHONY SAWYER dba MAS FINANCING, | |
| Respondent. | |

Clothilde V. Hewlett, Commissioner of the Department of Financial Protection and Innovation (Department), brings this action in the public interest and alleges and charges as follows:

## I.
## Introduction

1. The Commissioner of Financial Protection and Innovation (Commissioner) as head of the Department of Financial Protection and Innovation (Department) brings this action pursuant to Financial Code § 22714.

2. The Commissioner is authorized to administer and enforce the provisions of the California Financing Law (CFL) (Cal. Fin. Code §§ 22000-22780.1).[1]

3. At all relevant times, Mark Anthony Sawyer dba MAS Financing (MAS Financing) is and was a company licensed as a finance broker under the authority of the CFL beginning on July 10, 2007, CFL license number 6053860, with a business address of 1905 O'Toole Way, San Jose, California 95131.

4. At all relevant times, Mark Anthony Sawyer is and was MAS Financing's owner, officer, and founder.

5. MAS Financing brokers residential mortgage loans and employs mortgage loan originators. Mark Anthony Sawyer has a mortgage loan originator license with the Department, license number CA-DOC217438.

6. On June 11, 2024, the Department commenced an examination of MAS Financing.

## II.
## Exam Findings

Based on the examination, the Commissioner makes the following findings:

A. *Failure to Maintain Financial Statements in Accordance with GAAP*

7. MAS Financing provided certain books and records in response to the Department's requests including a December 31, 2023 unaudited balance sheet. The Department identified several issues with this balance sheet. First, MAS Financing cannot substantiate the cash balance reported and

---

[1] All citations herein are to the Financial Code unless otherwise noted.

1  MAS Financing's December 2023 bank statements do not reconcile with the unaudited balance sheet.
2  Second, the balance sheet itself does not balance. For example, the balance sheet indicates total assets
3  of $252,883 and total liabilities of $43,558, which should result in a total owner's equity of $209,325.
4  However, the balance sheet reports total owner's equity as $909,325. As a result, the total assets did
5  not equal the sum of total liabilities and stockholder's equity.  Third, the amounts on the balance sheet
6  did not match the amounts MAS Financing reported on its 2023 annual report filed with the
7  Department on May 1, 2024.

8. Specifically, MAS Financing reported $6,844,980 in total assets on its 2023 annual report, while its unaudited balance sheet reflected total assets of $252,833, and its bank statement only reflected $2,064 in cash as of December 31, 2023.

9. On July 12, 2024, the Department requested that MAS Financing provide financial statements as of December 31, 2023, prepared in accordance with generally accepted accounting principles (GAAP).  On September 30, 2024, the company acknowledged that it did not have the requested audited financials. MAS Financing's failure to maintain books and records in accordance with GAAP violates Cal. Code Regs. tit. 10, § 1426.

10. As a result of MAS Financing's failure to provide GAAP compliant financials and given the issues with the unaudited balance sheet provided, the Department is unable to verify that the company maintained a minimum net worth of at least $50,000 as required under § 22104(c).

B. *Failure to Maintain Books and Records to Enable the Commissioner to Determine Compliance with the CFL*

11. Under § 22156(a), licensees must keep and use books and records which will enable the Commissioner to determine if the licensee is complying with the CFL and its rules and regulations. Under § 22701, the Commissioner shall have free access to finance brokers' books, records, and files.

12. During the examination the Department requested the following books and records from MAS Financing to determine compliance with the CFL. To date, these records have not been provided in violation of §§ 22156(a) and 22701:

    a. GAAP compliant balance sheet and income statement as of December 31, 2023;
    b. Trial balance and general ledger as of December 31, 2023;
    c. Cash reconciliation as of December 31, 2023;
    d. Broker agreement;

e. California mortgage loan originator (MLO) compensation record;
f. Best practice trainings supporting documentation;
g. Reissued 1099 Forms to MLO T.Y.;
h. Picture of MLO T. Y.'s California license in office location;
i. Broker statements for at least 5 brokered loans;
j. Broker receipts for at least 5 brokered loans;
k. Various TILA-RESPA Integrated Disclosures for at least 7 brokered loans;
l. California loan brokerage agreement disclosures for at least 3 brokered loans; and

C. *Failure to Provide Documents to Show that MAS Financing Provided Required Disclosures to Borrowers*

13. MAS Financing, in violation of §§ 22156 and 22701, failed to respond to the Commissioner's October 2024 request for documents with respect to at least 5 loans, which would enable the commissioner to determine if the company provided required borrower disclosures. For example, finance brokers are required to disclose to borrowers, in clear and distinct terms the name, address, and license number of the broker and finance lender, along with the date, amount, and terms of the agreement with the broker and all amounts paid or to be paid to the broker and to any person other than the finance lender (the Broker Disclosure).

14. Based on MAS Financing's failure to provide the requested information, the Commissioner is unable to determine if MAS Financing: (1) violated § 22338(a) by failing to provide a copy of the Broker Disclosure to the borrower; (2) violated § 22338(b) by failing to deliver a copy of the Broker Disclosure to the finance lender making the loan; and (3) violated § 22338(c) by failing to deliver receipts to persons making payments to MAS Financing.

15. Under § 22346(a), a licensee that violates any provision of the federal Real Estate Settlement Procedures Act (RESPA) violates the CFL. MAS Financing failed to provide documents, in response to the Commissioner's October of 2024 request, in violation of §§ 22156 and 22701, to enable the Commissioner to determine if MAS Financing complied with the following RESPA provisions:

   a. The requirement to provide borrowers with initial and closing disclosures under 12 C.F.R. §§ 1026.19(e)(1)(ii) and 1026.25(c). The instances where MAS Financing provided the requested initial disclosures to the Department revealed that the company failed to deliver them within 3 business days in violation of 12 C.F.R. §

-4-
ACCUSATION TO REVOKE CFL LICENSE

1026.19(e)(1)(iii); and

b. The requirement to provide borrowers of non-traditional mortgage loans with an Anti-Steering disclosure under 12 C.F.R. § 1026.36.(e)(3).

D. <u>Failure to Establish Policies and Procedures and Provide Training</u>

16. MAS Financing failed to provide evidence of compliance with best practices to manage loan product risk for non-traditional loans as required under Cal. Code Regs. tit. 10, § 1436(a) and failed to submit a written compliance report in violation of subdivision (b).

17. MAS Financing additionally failed to establish policies, procedures, and training to comply with the Bank Secrecy Act's requirement under 31 C.F.R. § 1029.210(a) and (b) to develop and implement an anti-money laundering program in violation of § 22161(a)(5) (a violation of the unlawful prong of the Unfair Competition Law, Bus. & Prof. Code § 17200 is a violation of the CFL).

E. <u>Failure to Disclose Required Information to the Commissioner</u>

18. MAS Financing failed to disclose, including on the Nationwide Multistate Licensing System, (NMLS), affiliated companies that were wholly owned and controlled by Mark Anthony Sawyer including ATD Commerce LLC, MAS Solutions Group LLC, Lighthouse Holding LLC, MAS Holdings LLC and ACM North, in violation of Cal. Code Regs. tit. 10, § 1422.5(a)(7) and (d).

19. To date, MAS Financing has not provided the aforementioned documents.

## III.

## Applicable Law

20. Section 22104(c) provides:

> (c) A licensed finance broker, that employs one or more mortgage loan originators and that arranges, but does not make, residential mortgage loans, shall continuously maintain a minimum net worth of at least fifty thousand dollars ($50,000).

21. Section 22156(a) provides in pertinent part:

> (a) Finance lender, broker, program administrator, and mortgage loan originator licensees shall keep and use in their business, books, accounts, and records which will enable the commissioner to determine if the licensee is complying with the provisions of this division and with the rules and regulations made by the commissioner. . . .

-5-
ACCUSATION TO REVOKE CFL LICENSE

22. Section 22161(a)(5) provides:

(a) A person subject to this division shall not do any of the following:

[. . .]

(5) Engage in any act in violation of Section 17200 of the Business and Professions Code.

23. Section 22338 provides in pertinent part:

Each licensed broker shall:

(a) Deliver to the borrower, or any one thereof, at the time the final negotiation or arrangement is made, a statement showing in clear and distinct terms the name, address, and license number of the broker and the finance lender. The statement shall show the date, amount, and terms of the agreement with the broker, and all amounts paid or to be paid to the broker and to any person other than the finance lender.

(b) Deliver to the finance lender making the loan a copy of the statement referred to and described in subdivision (a).

(c) Deliver to the person making any payment to the broker to be retained by the broker, a plain and complete receipt for each payment made, at the time it is made, showing the total amount received, and identifying the brokerage agreement and the loan contract upon which the payment is applied. If the payment is made by a person other than the finance lender, a copy of the receipt shall be delivered to the finance lender.

24. Section 22346(a) provides:

Any licensee that violates any provision of any of the following federal acts or regulations violates this division:

(a) The federal Real Estate Settlement Procedures Act, as amended (12 U.S.C. Sec. 2601 et seq.).

25. Section 22701(a) provides:

(a) For the purpose of discovering violations of this division or securing information required by him or her in the administration and enforcement of this division, the commissioner may at any time investigate the loans, assessment contracts, and business, and examine the books, accounts, records, and files used in the business, of every person engaged in the business of a finance lender, broker, or program administrator, whether the

-6-
ACCUSATION TO REVOKE CFL LICENSE

person acts or claims to act as principal or agent, or under or without the authority of this division. For the purpose of examination, the commissioner and his or her representatives shall have free access to the offices and places of business, books, accounts, papers, records, files, safes, and vaults of all these persons.

26. Section 22714(a) provides in pertinent part:

The commissioner shall suspend or revoke any license, upon notice and reasonable opportunity to be heard, if the commissioner finds any of the following:

(1) The licensee has failed to comply with any demand, ruling, or requirement of the commissioner made pursuant to and within the authority of this division.

(2) The licensee has violated any provision of this division or any rule or regulation made by the commissioner under and within the authority of this division.

(3) A fact or condition exists that, if it had existed at the time of the original application for the license, reasonably would have warranted the commissioner in refusing to issue the license originally.

27. Cal. Code Regs. tit. 10 § 1426 provides:

A licensee shall maintain its books, accounts and records in accordance with generally accepted accounting principles and good business practice.

28. Cal. Code Regs. tit. 10 § 1436(a) and (b) provide in pertinent part:

(a) Best Practices. Every mortgage lender, mortgage broker, and mortgage lender and broker shall implement best practices to manage loan product risk on a continuous basis.

(b) Written Compliance Report. In a separate written document, submitted as an addendum to its annual financial report or report of condition required under Section 22159 of the Financial Code, every mortgage lender, mortgage broker, and mortgage lender and broker shall state whether it made or arranged nontraditional mortgage products and adjustable rate mortgage products, as defined by the Guidance, during the reporting period covered by the annual report.

///
///
///

-7-
ACCUSATION TO REVOKE CFL LICENSE

## IV.

### Prayer for Order Revoking CFL License

29. Based on the foregoing, Mark Anthony Sawyer dba MAS Financing has violated the CFL and its regulations by:

    a. Failing to maintain financial statements in accordance with GAAP in violation of Cal. Code Regs. tit. 10, § 1426. Due to this failure, the Commissioner is unable to confirm whether MAS Financing maintained a minimum net worth of at least $50,000 as required under § 22104(c).

    b. Failing to maintain and provide books and records to enable the Commissioner to determine compliance with the CFL in violation of §§ 22156 and 22701, due to Mark Anthony Sawyer dba MAS Financing's failure to provide the requested books and records, the Commissioner is unable to determine if MAS Financing complied with the following CFL provisions:

        i. § 22338(a)-(c) requiring MAS Financing to provide disclosures to borrowers and lenders of brokered loans; and

        ii. § 22346(a) requiring MAS Financing to comply with RESPA including the following provisions requiring certain borrower disclosures: 12 C.F.R. §§ 1026.19(e)(1)(ii) and 1026.25(c).

    c. Failing to establish policies and procedures to comply with the Bank Secrecy Act as required under 31 C.F.R. § 1029.210(a) and (b). MAS Financing's conduct is unlawful under Bus. & Prof. Code § 17200 and violates Fin Code § 22161(a)(5);

    d. Failing to deliver initial closing disclosures within 3 days in violation of § 22346(a) (violation of RESPA 12 C.F.R. § 1026.19(e)(1)(iii));

    e. Failing to provide evidence of compliance with best practices to manage loan product risk for non-traditional loans as required under title Cal. Code Regs. tit. 10, § 1436(a) and failing to submit a written compliance report in violation of subdivision (b).

    f. Failing to disclose affiliated entities to the Commissioner in violation of Cal. Code Regs. tit. 10, § 1422.5(a)(7) (failure to disclose affiliates in its initial application) and §

1422.5(d) (failure to amend its application to disclose affiliates).

30. WHEREFORE, IT IS PRAYED under the authority of Financial Code § 22714 that Respondent Mark Anthony Sawyer dba MAS Financing's California Financing Law license be revoked for its violations of the California Financing Law and the rules promulgated thereunder.

Dated: December 3, 2024  
Los Angeles, California

CLOTHILDE V. HEWLETT  
Commissioner of Financial Protection and Innovation

By _____  
    DANIELLE A. STOUMBOS  
    Senior Counsel  
    Enforcement Division