# EXHIBIT Z2

CLOTHILDE V. HEWLETT
Commissioner
MARY ANN SMITH
Deputy Commissioner
SEAN M. ROONEY
Assistant Chief Counsel
DANIELLE A. STOUMBOS (State Bar No. 264784)
Senior Counsel
KELLY SUK (State Bar No. 301757)
Senior Counsel
Department of Financial Protection and Innovation
320 West 4th Street, Suite 750
Los Angeles, California 90013
Telephone: (213) 503-2046
Email: Danielle.Stoumbos@dfpi.ca.gov
      Kelly.Suk@dfpi.ca.gov

Attorneys for Complainant

BEFORE THE DEPARTMENT OF FINANCIAL PROTECTION AND INNOVATION

OF THE STATE OF CALIFORNIA

| | |
|---|---|
| In the Matter of: | MLO License No.: CA-DOC217438 |
| THE COMMISSIONER OF FINANCIAL PROTECTION AND INNOVATION, | |
| Complainant, | ACCUSATION TO REVOKE MORTGAGE LOAN ORIGINATOR LICENSE PURSUANT TO FINANCIAL CODE § 22714 |
| v. | |
| MARK ANTHONY SAWYER, | |
| Respondent. | |

-1-
ACCUSATION TO REVOKE MLO LICENSE

Clothilde V. Hewlett, Commissioner of the Department of Financial Protection and Innovation (Department), brings this action in the public interest and alleges and charges as follows:

## I.

### Introduction

1. The Commissioner of Financial Protection and Innovation (Commissioner) as head of the Department brings this action pursuant to Fin. Code § 22714.[1]

2. The Commissioner is authorized to administer and enforce the provisions of the California Financing Law (CFL) (Fin. Code §§ 22000-22780.1). Under the CFL the Commissioner licenses and regulates finance lenders, brokers, and mortgage loan originators (MLO).

3. To become licensed by the Commissioner as an MLO, an individual must submit a uniform application form, used to collect information about the individual, through the Nationwide Multistate Licensing System & Registry (NMLS). The NMLS contains a detailed set of instructions for filing license applications, including a checklist of items to be completed by the applicant, who is fully responsible for all the requirements of the license.

4. Individuals seeking to obtain an MLO license file an MU4 form, and control persons within the mortgage company must file an MU2 form.

5. Once licensed, the MLO or control person is required, under §§ 22108, 22755, and Cal. Code Regs. tit. 10, § 1409.1, to promptly amend forms MU2 and MU4 on NMLS to disclose significant events.

6. On June 7, 2010, the Commissioner approved Mark Anthony Sawyer's (Sawyer) application for an MLO license pursuant to § 22109.1, license number CA-DOC217438.

7. At all relevant times, Sawyer owned and founded Mark Anthony Sawyer dba MAS Financing (MAS Financing), a company licensed as a finance broker under the CFL beginning on July 10, 2007, CFL license number 6053860, with a business address of 1905 O'Toole Way, San Jose, California 95131. MAS Financing brokers residential mortgage loans and employs mortgage loan originators.

---

[1] All citations herein are to the Financial Code unless otherwise noted.

8. The Commissioner seeks to revoke Sawyer's MLO license because Sawyer failed, on numerous occasions, to promptly amend his MU2 and MU4 form to disclose State regulatory actions and orders against MAS Financing while he was a licensed MLO and controlled the organization.

## II.

## Statement of Facts

A. *Sawyer Failed to Amend his MU2/MU4 to Disclose the Commissioner's Order Summarily Revoking MAS Financial's CFL License*

9. On April 3, 2019, the Commissioner issued an order summarily revoking MAS Financing's CFL license for failing to file its annual report with the Commissioner.

10. Under § 22108 and Cal. Code Regs. tit. 10, § 1409.1, control persons and MLOs are required to promptly amend their MU2s and MU4s to disclose State regulatory pending actions, orders, and findings. The disclosure requirements on MU2 and MU4 forms are substantially similar.

11. For example, the MU2 and MU4 form state:

(K) Has any State or federal regulatory agency or foreign financial regulatory authority or self-regulatory organization (SRO) ever:

(1) found you to have made a false statement or omission or been dishonest, unfair or unethical?
(2) found you to have been involved in a violation of a financial services-related business regulation(s) or statute(s)?
(3) found you to have been a cause of a financial services-related business having its authorization to do business denied, suspended, revoked or restricted?
(4) entered an order against you in connection with a financial services-related activity?
(5) revoked your registration or license?
(6) denied or suspended your registration or license or application for licensure, disciplined you, or otherwise by order, prevented you from associating with a financial services-related business or restricted your activities?
(7) barred you from association with an entity regulated by such commissions, authority, agency, or officer, or from engaging in a financial services-related business?
(8) issued a final order against you based on violations of any law or regulations that prohibit fraudulent, manipulative, or deceptive conduct?
(9) entered an order concerning you in connection with any license or registration?

(L) Have you ever had an authorization to act as an attorney, accountant, or

State or federal contractor that was revoked or suspended?

(M) Based upon activities that occurred while you exercised control over an organization, has any State or federal regulatory agency or foreign financial regulatory authority or self-regulatory organization (SRO) ever taken any of the actions listed in (K) through (L) above against any organization?

(O) Based upon activities that occurred while you exercised control over an organization, is there a pending regulatory action proceeding against any organization for any alleged violation described in (K) through (L)?

12. Based on activities that occurred while Sawyer controlled MAS Financing, on April 3, 2019, the Commissioner summarily revoked MAS Financing's license which is a reportable event under (K)(5). Therefore, Sawyer was required to promptly and within twenty days change his response to question O on his individual MU2 and MU4 forms from "No" to "Yes," Sawyer failed to do so in violation of § 22755 and Cal. Code Regs. tit. 10, § 1409.1.

13. On April 19, 2019, MAS Financing entered into a settlement agreement with the Commissioner. Under the settlement agreement, MAS Financing agreed to pay the Department a $7,500 penalty and the Commissioner reinstituted MAS Financing's CFL license. The settlement agreement did not negate Sawyer's duty to amend his MU2/MU4 form to disclose the order.

B. *Sawyer Failed to Amend his MU2/MU4 to Disclose MAS Financing's December 2019 Settlement Agreement with the Ohio DFI*

14. In December of 2019, Sawyer, as the sole proprietor of MAS Financing entered into a settlement agreement with the Ohio Division of Financial Institutions (Ohio DFI). The Ohio DFI is the Ohio state agency charged with the responsibility of administering and enforcing the Ohio Residential Mortgage Lending Act. The purpose of the settlement agreement was to resolve Ohio DFI's findings that MAS Financing failed to submit a timely mortgage call report in violation of Ohio law. Under the settlement agreement, Sawyer, on behalf of MAS Financing agreed to disclose the settlement agreement on all future applications and renewal requests filed via NMLS.

15. The December 2019 settlement agreement was a reportable event under (K)(2) and was based on activities that occurred while Sawyer controlled MAS Financing. Therefore, Sawyer was required to promptly and within twenty days change his response to question M on his individual

MU2/MU4 from "No" to "Yes." Sawyer failed to do so in violation of § 22755 and Cal. Code Regs. tit. 10, § 1409.1.

C. *Sawyer Failed to Amend his MU2/MU4 to Disclose the Ohio DFI's November 2022 Order*

16. On November 22, 2022, the Ohio DFI issued an Order imposing fines against Mark Anthony Sawyer dba MAS Financing for failing to file its mortgage call report timely in violation of Ohio law, a repeat violation from 2019.

17. The Ohio Order was a reportable event under (K)(2) and (K)(4) and was based on activities that occurred while Sawyer controlled MAS Financing. Therefore, Sawyer was required to promptly and within twenty days change his response to question O on his individual MU2/MU4 from "No" to "Yes." Sawyer failed to do so in violation of § 22755 and Cal. Code Regs. tit. 10, § 1409.1.

D. *Sawyer failed to Amend his MU2/MU4 to Disclose MAS Financing's August 2023 Settlement Agreement with the Ohio DFI*

18. On August 30, 2023, Sawyer, as MAS Financing's sole proprietor, entered into a settlement agreement with the Ohio DFI. The purpose of the settlement agreement was to resolve the Ohio DFI's findings that MAS Financing failed to meet its minimum bond requirements in violation of Ohio law. Under the agreement, MAS Financing and Mark Sawyer's licenses were suspended for 5 years, but the suspension was stayed upon the payment of a $5,000 penalty.

19. The August 2023 settlement agreement was a reportable event under (K)(2) and was based on activities that occurred while Sawyer controlled MAS Financing. Therefore, Sawyer was required to promptly and within twenty days change his response to question M on his individual MU2/MU4 from "No" to "Yes" but he failed to do so in violation of § 22755 and Cal. Code Regs. tit. 10, § 1409.1.

E. *Sawyer Updated his NMLS Forms Eleven Times Between 2020 and 2023, while Continually Failing to Disclose State Regulatory Actions*

20. The MU2 and MU4 form contain an attestation clause in which the filer affirms:

> (1) That the information and statements contained herein, including exhibits attached hereto, and other information filed herewith, all of which are made a part of this application, are current, true, accurate and complete and are made under the penalty of perjury, or un-sworn falsification to authorities, or similar provisions as provided by law;

(2) To the extent any information previously submitted is not amended and hereby, such information remains accurate and complete;

\*\*\*\*

(4) To keep the information contained in this form current and to file accurate supplementary information on a timely basis;

If the Applicant has knowingly made a false statement of a material fact in this application or in any documentation provided to support the foregoing application, then the foregoing application may be denied.  I verify that I am the named person above and agree to the language as stated.

21. Sawyer updated various parts of his NMLS record eleven times between February 7, 2020 and December 5, 2023. At no time did Sawyer disclose the State regulatory pending actions, orders, and findings discussed herein.

## III.
## Applicable Law

22. Section 22108 states:

(a) The commissioner may by rule require licensees to file, at the times that he or she may specify, the information that he or she may reasonably require regarding any changes in the information provided in any application filed pursuant to this division.

(b) The commissioner may by rule require a licensee to file information through the Nationwide Mortgage Licensing System and Registry.

23. Section 22109.1(a)(3) states:

(a) The commissioner shall deny an application for a mortgage loan originator license unless the commissioner makes, at a minimum, the following findings:

\*\*\*\*

(3) The applicant has demonstrated such financial responsibility, character, and general fitness as to command the confidence of the community and to warrant a determination that the mortgage loan originator will operate honestly, fairly, and efficiently within the purposes of this division.

24. Section 22714(a) provides in pertinent part:

The commissioner shall suspend or revoke any license, upon notice and reasonable opportunity to be heard, if the commissioner finds any of the following:

(1) The licensee has failed to comply with any demand, ruling, or requirement of the commissioner made pursuant to and within the authority of this division.

(2) The licensee has violated any provision of this division or any rule or regulation made by the commissioner under and within the authority of this division.

****

(4) A fact or condition exists that, if it had existed at the time of the original application for the license, reasonably would have warranted the commissioner in refusing to issue the license originally.

25. Section 22755 states in pertinent part:

It is a violation of this division for a mortgage loan originator to do any of the following:

****

(g) Fail to make disclosures as required by this division and any other applicable state or federal law, including regulations thereunder.

(h) Fail to comply with this division or rules or regulations promulgated under this division, or fail to comply with any other state or federal law, including the rules and regulations thereunder, applicable to any business authorized or conducted under this division.

26. Cal. Code Regs. tit. 10, § 1409.1 provides in pertinent part:

(a) Each licensee on NMLS, including a mortgage loan originator licensee, shall, upon any change in the information contained in its license application (other than financial information contained therein) promptly file an amendment to such application setting forth the changed information.

(b) A licensee on NMLS shall file changed information contained in its Forms MU1, MU2, and MU3, and any exhibits thereto, through NMLS in accordance with its procedures for transmission to the Commissioner. Any change that cannot be submitted through NMLS shall be filed directly with the Commissioner.

ACCUSATION TO REVOKE MLO LICENSE

     (c) A mortgage loan originator shall file changed information contained in its Form MU4, and any exhibits thereto, through NMLS in accordance with its procedures for transmission to the Commissioner within twenty (20) days of changes to the information as provided in section 1422.6 of subchapter 6 of these rules. Any change that cannot be submitted through NMLS shall be filed directly with the Commissioner. A mortgage loan originator may not renew his or her license under section 1422.6.3 of subchapter 6 of these rules until all changes to the information contained in his or her Form MU4 are filed with the Commissioner as provided in this section.

27.    Cal. Code Regs. tit. 10, § 1422.6 provides in relevant part:

(j) PROCEDURES FOR A SOLE PROPRIETOR MORTGAGE LOAN ORIGINATOR: A sole proprietor mortgage loan originator must:

(1) File Forms MU1 and MU2 (biographical information) and obtain a license as a mortgage lender, mortgage broker, or mortgage lender and broker, and

(2) File Form MU4 and obtain a license as a mortgage loan originator.

## IV.

## Prayer for Order Revoking MLO License

Based on the foregoing, the Commissioner finds that Sawyer failed to promptly and within twenty days amend his MU2/MU4 to disclose State regulatory pending actions, orders, and findings in violation of § 22755 and Cal. Code Regs. tit. 10, § 1409.1. Therefore, grounds exist to revoke Mark Anthony Sawyer's MLO license under § 22714(a)(2).

The Commissioner further finds that facts and conditions exist that, if they had existed at the time of the original application for the license reasonably would have warranted the Commissioner in refusing to issue the license under § 22109.1(a)(3). The Commissioner finds that Sawyer does not meet at least one of the minimum requirements for the issuance of a mortgage loan originator license under § 22109.1(a)(3). Sawyer failed to disclose State regulatory actions, orders, and findings on his MU2 and MU4. Sawyer has not demonstrated the financial responsibility, character and general fitness necessary to command the confidence of the community and to warrant a determination that he will operate honestly, fairly, and efficiently as a mortgage loan originator under the CFL. Therefore, the Commissioner has grounds to revoke Mark Anthony Sawyer's MLO license under § 22714(a)(3).

1  WHEREFORE the Commussioner prays that the mortgage loan originator license of Mark
2  Anthony Sawyer be revoked.

4  Dated: December 3, 2024  CLOTHILDE V. HEWLETT
   Los Angeles, California  Commissioner of Financial Protection and
5                           Innovation

   By _____
7     DANIELLE A. STOUMBOS
      Senior Counsel
8     Enforcement Division