G. MARK ALBRIGHT, ESQ. (1394)
DANIEL R. ORMSBY, ESQ. (14595)
KYLE W. FENTON, ESQ. (16235)
**ALBRIGHT STODDARD, WARNICK & ALBRIGHT**
801 South Rancho Drive, Suite D-4
Las Vegas, Nevada 89106
T: (702) 384-7111 / F: (702) 384-0605
gma@albrightstoddard.com
dormsby@albrightstoddard.com
kfenton@albrightstoddard.com

MICHAEL MACHAT, Esq. CA Bar No. 109475
Appearing *pro hac vice*
MACHAT & ASSOCIATES, P.C.
8730 W. Sunset Blvd., Ste. 250
W. Hollywood, California 90069
Telephone: (310) 860-1833
michael@machatlaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SONIA FELDMAN, <br><br>                   Plaintiff, <br><br> vs. <br><br> MARK ANTHONY SAWYER, ET AL., <br>                   Defendants. | CASE NO.:   2:24-cv-00526-JCM-MDC <br><br> **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT** <br> (*Against Corporate Defendants - MJS Nevada Trust, ATD Commerce, LLC, ACM North, LLC, MAS Holdings Group, LLC, and Sawyer Holdings, LLC*) |

Comes now Plaintiff Sonia Feldman, by and through counsel, and moves for entry of default and default judgment against the corporate defendants, including MSJ Nevada Trust, pursuant to Federal Rule of Civil Procedure 55, on the grounds that they have failed to appear through counsel or otherwise defend this action as ordered by the Court. Plaintiff respectfully moves this Court for:

(1) **Entry of Default** pursuant to Fed. R. Civ. P. 55(a) against corporate defendants who failed to appear through counsel; and

(2) **Default Judgment** under Fed. R. Civ. P. 55(b)(2), following such entry.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff respectfully submits this Motion for Entry of Default and Default Judgment against the corporate defendants, including MSJ Nevada Trust, because they have failed to comply with this Court's December 20, 2024 Order requiring them to obtain counsel, have not appeared through licensed representation, and have taken no action to defend this case. This Motion is based on the record, governing law, and the accompanying **Declaration of G. Mark Albright, Esq.**, attached hereto and marked as Exhibit "A", which sets forth the procedural history and defendants' continued failure to comply with the Court's December 20, 2024 Order. Under Federal Rule of Civil Procedure 55, such failure constitutes grounds for entry of default, and the Court may then enter judgment against them. This motion first sets forth the governing legal standard under Rule 55 and the District of Nevada's Local Rules. It then applies that standard to the record, including the Court's prior directive, the absence of counsel for the corporate defendants, and their continued noncompliance. Finally, the motion requests entry of default and default judgment to prevent further prejudice to Plaintiff and to advance resolution of this case.

## II. BACKGROUND

As set forth in the **Albright Declaration**, the corporate defendants have taken no action to comply with this Court's directive to retain counsel, and have not filed a single document since their attorney was permitted to withdraw.

Plaintiff Sonia Feldman was just twenty-three when both of her parents passed away, leaving her alone and with the responsibility of managing their legacy. She inherited more than two million dollars, money that represented her family's entire life savings. With no financial experience, she tried to pursue her music career while trusting others to guide her. Instead, she was targeted, manipulated, and ultimately robbed of nearly everything.

In 2021, Sonia was persuaded to invest her inheritance with Defendant Mark Sawyer, who promised to help her rebuild what she had lost. She trusted him, sold her home, and placed over $1.1 million into his hands. For two years she was told her money was growing, but when she finally asked for a small portion back, nothing was returned. Instead of providing answers, Sawyer gave

excuses about frozen accounts and vanished funds, while Sonia was left waiting and hoping. The truth was that her inheritance had been spent, and instead of safeguarding her future, Sawyer used the money to fund an extravagant lifestyle, leaving Sonia with nothing of her parents' legacy.

Sonia turned to the courts. In October 2023, she sued in Los Angeles. On August 9, 2024, that court entered judgment in her favor for $3,149,689.67, plus interest and attorneys' fees. The judgment confirmed what Sonia had long feared: her parents' legacy was gone, stolen through deceit. But even with judgment in hand, recovery proved elusive. By then, Sawyer and his wife had already transferred the bulk of his assets to the corporate defendants.

Sonia therefore came to this Court. On December 20, 2024, after defense counsel withdrew, the Court ordered the individual defendants to appear by February 20, 2025, and specifically required the corporate defendants to obtain new counsel, noting that they could not appear pro se. That order was ignored. The deadline passed with no appearances, no counsel, and no compliance.

On March 6, 2025, Sonia filed her Motion for Summary Judgment, supported by declarations and extensive exhibits. On March 7, 2025, the Court issued its Klingele/Rand notice, setting March 28, 2025, as the opposition deadline. No opposition was filed. On April 4, 2025, Sonia filed a Notice of Non-Opposition. Since then, more than five months have passed.

The corporate defendants remain in violation of this Court's order, have not appeared, and have not defended. Sonia—a young woman who lost both parents and whose inheritance was stolen—has already proved her case once in California and has been left to fight again in Nevada simply to reach assets wrongfully hidden from her. Yet despite the clear record of noncompliance, her dispositive motion sits unresolved on a crowded docket.

The injustice is plain on the face of the record. Sonia is merely seeking enforcement of obligations this Court has already recognized. The corporate defendants' silence and defiance warrant entry of default under Rule 55.

### III. LEGAL ARGUMENT

#### A. Legal Standard

Federal Rule of Civil Procedure 55 sets out a two-step process for default. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise

-3-

defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the clerk's entry of default, judgment may be entered under Rule 55(b). If the claim is for a sum certain, the clerk may enter judgment under Rule 55(b)(1); otherwise, the Court decides the motion under Rule 55(b)(2), which may require a hearing to determine damages.

Entry of default judgment is within the Court's discretion, guided in this Circuit by the factors identified in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). These include: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the amount at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits.

Corporate defendants are further constrained by the rule that they may not appear in federal court without licensed counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993). When a corporate party fails to obtain counsel after being ordered to do so, default judgment is "perfectly appropriate."[1] *United States v. High Country Broadcasting Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993).

Finally, the Court must consider whether entry of judgment would risk inconsistent outcomes. In *Frow v. De La Vega*, 82 U.S. 552, 554 (1872), the Supreme Court held that a final merits judgment should not be entered against a defaulting defendant alleged to be jointly liable while the case continues against others, as such a result could create inconsistent and "absurd" outcomes. The Ninth Circuit has extended this principle to similarly situated defendants, cautioning that default judgments must not directly contradict pror rulings within the case. *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532–33 (9th Cir. 2001). At the same time, the rule is one of consistency, not prohibition. Rule 54(b) expressly permits the Court to direct entry of final judgment as to fewer than all parties upon an express determination that there is no just reason for delay, a principle the Supreme Court has recognized and upheld. *See Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435–36 (1956).

---

[1] *See also LR IA 11-1(b) (requiring business entities to appear only through licensed Nevada counsel).*

### B. The Corporate Defendants Are in Default Under Rule 55(a)

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk *must* enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added). The rule does not limit default to situations where no pleading was ever filed; it also applies when a defendant ceases to "otherwise defend" the action by abandoning participation or refusing to comply with court orders. Where, as here, defendants abandon the litigation after appearing, their conduct falls squarely within Rule 55.

The procedural record leaves no doubt that the corporate defendants are in default. These entities—MJS Nevada Trust, ATD Commerce, LLC, ACM North, LLC, MAS Holdings Group, LLC, and Sawyer Holdings, LLC—originally appeared through counsel and filed an Answer to the Amended Complaint. On December 20, 2024, however, the Court granted their counsel's motion to withdraw. In doing so, the Court specifically ordered the corporate defendants to retain new licensed counsel and to file an appearance no later than February 20, 2025. *See* ECF No. 36. The Court emphasized that failure to comply with this directive could result in "sanctions, including judgment." *Id.* Despite this clear warning, the February 20 deadline passed without compliance. No new counsel has appeared on behalf of these entities, and they have not filed anything further on the docket. Their failure to appear through counsel, as required by the Court's December 20, 2024 Order (ECF No. 36), is further detailed in the **Declaration of Counsel filed herewith**, and warrants immediate entry of default.

The law is settled that business entities cannot proceed pro se in federal court. The Supreme Court has held unequivocally that "a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 113 S. Ct. 716, 721 (1993). When counsel withdraws and no substitute counsel appears, a corporate defendant is no longer capable of defending itself in the eyes of the law. An Answer on file does not cure the failure because the entity cannot validly participate without an attorney. In this posture, the Ninth Circuit has affirmed that entry of default judgment is "perfectly appropriate." *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993). *High Country* is directly on point: a

corporation answered, its counsel withdrew, it failed to obtain new counsel, and the district court entered default judgment. The Ninth Circuit affirmed without hesitation.

Accordingly, the corporate defendants are no longer defending this action within the meaning of Rule 55(a). Their failure to obtain counsel in direct violation of the Court's Order leaves them legally incapable of participating in these proceedings. Under binding Supreme Court and Ninth Circuit precedent, this posture constitutes default, and entry of default is the proper and necessary remedy. See *Rowland*, 506 U.S. at 201–02; *High Country*, 3 F.3d at 1245.

### C. The *Eitel* Factors Weigh Heavily in Favor of Default Judgment

In *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986), the Ninth Circuit identified the factors courts consider when deciding whether to enter default judgment. These include: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. Although courts prefer cases to be decided on the merits, default judgment is appropriate where defendants have made that impossible through their own noncompliance. Each of the *Eitel* factors weighs in favor of judgment here.

#### 1. *Plaintiff Will Be Prejudiced Absent Default Judgment*

The first *Eitel* factor considers whether denying default judgment would prejudice the plaintiff. Here, the prejudice is clear and significant. Sonia Feldman has already obtained a judgment in California against Mark Sawyer personally, establishing that her inheritance was taken through fraud. That adjudication confirms the legitimacy of her underlying claims, but it does not by itself provide relief against the Nevada corporate entities that Sawyer used to receive and dissipate her funds.

Those entities have ignored this Court's order to retain counsel and now sit unrepresented. Their refusal to appear through licensed counsel leaves Sonia without any practical way to advance her claims against them. Without default, she is unable to obtain discovery, enforce judgments, or pursue recovery against entities that were instrumental in Sawyer's scheme. The prejudice is therefore twofold. First, Sonia remains unable to reach assets that were funneled through these

corporations, despite having already secured a $3.1 million judgment against Sawyer himself. Second, delay allows these entities to continue to evade accountability while assets risk being dissipated beyond her reach. Absent default judgment, Sonia is left in precisely that position: with a proven loss, a judgment against the individual wrongdoer, and no mechanism to hold his controlled entities to account.

### 2. *The Merits of Plaintiff's Substantive Claims Strongly Favor Judgment*

The second *Eitel* factor considers the merits of the plaintiff's substantive claims. Sonia's claims here are not speculative. They rest on detailed factual allegations that are both well-pleaded and corroborated by a prior judgment in her favor. In October 2024, the Superior Court of California entered summary judgment against Mark Sawyer for $3,149,689.67. While that judgment was entered by summary judgment rather than after trial, it nonetheless represents a judicial determination that Sonia's allegations were sufficiently supported to warrant a binding award of damages. It also establishes that Sonia's losses are real and quantifiable, not conjectural.

The claims against the Nevada corporate defendants are a natural extension of that adjudication. The Amended Complaint alleges that Sawyer funneled Sonia's inheritance into these entities and then used them to disguise his misappropriation. Bank records and supporting declarations reflect substantial transfers into corporate accounts, followed by expenditures on personal luxuries rather than the promised investments. Thus, the California judgment reinforces the core factual predicate: Sonia's inheritance was fraudulently taken.

Against that backdrop, the claims for fraudulent transfer, unjust enrichment, and alter ego liability against the Nevada entities are meritorious. The corporate defendants' failure to oppose Plaintiff's Motion for Summary Judgment leaves the evidentiary record unrebutted. Sonia has submitted sworn declarations and bank records showing that her inheritance was transferred into accounts tied to these entities and then spent on personal expenditures rather than legitimate investments. Because no opposition was filed, those facts may be treated as undisputed. *See* Fed. R. Civ. P. 56(e). Together with the California judgment confirming her loss, the uncontested record demonstrates that Sonia's claims are well-founded and weigh strongly in favor of default judgment.

### 3. The Sufficiency of the Complaint Supports Default Judgment

Courts evaluating the third *Eitel* factor look to whether the allegations in the complaint, taken as true upon default, establish a legitimate basis for liability. Sonia's Amended Complaint easily meets that standard. It describes in detail how Sawyer persuaded her to entrust more than $1 million of her inheritance to him, and how the corporate defendants were created and used to receive, move, and conceal those funds. Each of the entities—MJS Nevada Trust, ATD Commerce, ACM North, MAS Holdings Group, and Sawyer Holdings—is identified and tied to Sawyer's scheme, either through formation at the time Sonia's money was taken or through their role in holding assets acquired with misappropriated funds.

The complaint also pleads specific causes of action directly against the corporate defendants. It alleges unjust enrichment, asserting that entities such as Sawyer Holdings and the Nevada MJS Trust received and retained benefits traceable to Sonia's inheritance without lawful justification. It alleges fraudulent transfer, pointing to the movement of real property and cash into the Nevada MJS Trust at the same time Sawyer began diverting Sonia's money. It further seeks equitable relief to prevent these entities from continuing to shield the proceeds of the fraud. These claims, supported by detailed factual allegations, are sufficient on their face to establish liability if uncontested.

Taken together, the allegations in the complaint provide a coherent and well-supported narrative of how Sonia's inheritance was misappropriated and funneled into the corporate defendants. In the default posture, those allegations are accepted as true, and they are more than adequate to sustain judgment against the non-appearing entities. This factor therefore weighs strongly in favor of entering default judgment.

### 4. The Sum of Money at Stake Is Substantial but Justified

The fourth *Eitel* factor considers the amount of money at stake relative to the claims. The sum here—over $3.1 million—is substantial, but it is neither arbitrary nor speculative. It represents the proceeds of Sonia Feldman's inheritance that Mark Sawyer diverted, and it matches the damages already fixed by the California Superior Court in a judgment against him personally. In other words, the amount is not a new or untested figure; it is the precise loss Sonia has already established in prior litigation.

### 5. *There Is No Possibility of a Genuine Dispute of Material Fact*

The fifth *Eitel* factor also supports default judgment because there is no realistic possibility of a material factual dispute. The corporate defendants have not appeared through counsel since December 2024, have filed nothing since their attorney's withdrawal, and have ignored this Court's explicit order requiring them to retain new representation by February 20, 2025. Their failure to participate means there is no competing evidence in the record to contest Plaintiff's well-pleaded allegations. Moreover, Plaintiff's Motion for Summary Judgment was filed with sworn declarations and supporting exhibits and has gone entirely unopposed, leaving those facts unrebutted. In this posture, the record contains no basis for a factual dispute, and the allegations may be taken as true for purposes of default judgment.

### 6. *The Defendants' Default Was Not the Result of Excusable Neglect*

The sixth *Eitel* factor asks whether the default was the product of excusable neglect. It plainly was not. The Court's December 20, 2024 Order gave the corporate defendants clear instructions: they were required to obtain licensed counsel and file appearances no later than February 20, 2025, and were expressly warned that failure to do so could result in "sanctions, including judgment." See ECF No. 36. Despite that warning and the generous two-month window, the deadline passed without compliance. This record demonstrates a deliberate decision to abandon the defense rather than any inadvertence, mistake, or miscommunication. Under these circumstances, default is the predictable result of willful disregard, not excusable neglect.

### 7. *Although Courts Favor Decisions on the Merits, This Policy Does Not Preclude Default Judgment*

The final *Eitel* factor acknowledges the strong policy favoring resolution on the merits. But that policy presumes that defendants will appear and participate in the litigation. Here, the corporate defendants have made that impossible. By failing to comply with the Court's order to obtain counsel and by abandoning their defense altogether, they have foreclosed any opportunity for the case to be decided on its merits. As the Ninth Circuit has recognized, "the preference to decide cases on the merits does not preclude a court from granting default judgment when the adversary process has been halted by a defendant's failure to participate." Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir.

1986). Because the corporate defendants have chosen not to defend, default judgment is not inconsistent with this policy; it is the only mechanism available to prevent indefinite delay and ensure that Plaintiff's claims are resolved.

### D. The *Frow* Rule Does Not Preclude Entry of Default Judgment Here

In *Frow v. De La Vega*, 82 U.S. 552 (1872), the Supreme Court held that default judgment should not be entered against one defendant when others alleged to be jointly liable remain in the case, to avoid inconsistent outcomes. The Ninth Circuit has extended this principle to "similarly situated" or "closely related" defendants, holding that default judgment is improper where it would directly conflict with rulings in favor of non-defaulting parties. *In re First T.D. & Inv., Inc.,* 253 F.3d 520, 532–33 (9th Cir. 2001).

That concern does not apply here. The corporate defendants' liability is not independent of Sawyer's; it is derivative of his fraud, which has already been judicially confirmed in California through a $3.1 million judgment. The Amended Complaint alleges, and bank records show, that these entities were used as conduits for Sawyer's scheme—vehicles through which he received and dissipated Sonia's inheritance. Their failure to obtain counsel and subsequent abandonment of the case leave those allegations uncontested. Meanwhile, no individual defendant has advanced any defense on the merits that could produce a conflicting outcome. Unlike in First T.D., where default judgments contradicted a merits ruling in favor of other defendants, there is no risk of inconsistency here: a judgment against the corporations would merely extend liability to the entities Sawyer controlled, consistent with the already-established fraud. To the contrary, delaying judgment would only prolong Sonia's inability to recover her inheritance while rewarding the defendants' defiance of this Court's order. Accordingly, entry of default judgment against the corporate defendants is not only consistent with Frow, it is necessary to ensure fairness and efficiency in resolving this case.

### IV. CONCLUSION

This Motion is supported by the accompanying **Declaration of Counsel**, the docket record, and applicable legal authority. The corporate defendants have abandoned this case in direct violation of the Court's order, leaving Plaintiff without any avenue to pursue recovery absent default. The Eitel factors, Rule 55, and controlling precedent all support entry of judgment.

Plaintiff therefore respectfully requests that the Court enter default and default judgment against the corporate defendants.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

1. Direct the Clerk to enter default under Fed. R. Civ. P. 55(a) against: MJS Nevada Trust, ATD Commerce, LLC, ACM North, LLC, MAS Holdings Group, LLC, and Sawyer Holdings, LLC;
2. Upon entry of default, enter default judgment under Rule 55(b)(2) in Plaintiff's favor against each corporate defendant;
3. Declare that the corporate defendants are liable on Plaintiff's claims for fraudulent transfer, unjust enrichment, and alter ego liability;
4. Award damages in the amount of $3,149,689.67 (consistent with the California judgment), plus post-judgment interest and attorneys' fees (as appropriate); and
5. Grant such other relief as the Court deems just and proper.

Dated this 28th day of August, 2025

**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**

*/s/ G. Mark Albright, Esq.*

G. MARK ALBRIGHT, ESQ. (1394)
DANIEL R. ORMSBY, ESQ. (14595)
KYLE W. FENTON, ESQ. (16235)
801 South Rancho Drive, Suite D-4
Las Vegas, Nevada 89106
*Attorneys for Plaintiff*

Michael Machat, Esq.
California State Bar Number 109475
Appearing pro hac vice
8730 W. Sunset Blvd., Ste. 250
W. Hollywood, California 90069
Telephone: (310) 860-1833
Email: michael@machatlaw.com *Attorneys for Plaintiff*

### **CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of December, 2024, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on all parties currently on the electronic service list.

MARK SAWYER
6940 N. Jensen Street
Las Vegas, NV 89149
Email: msawyer2729@yahoo.com

JENNIFER SAWYER
6940 N. Jensen Street
Las Vegas, NV 89149
Email: jen61002@hotmail.com

NEVADA MJS TRUST
6940 N. Jensen Street
Las Vegas, NV 89149

MJS NEVADA TRUST
6940 N. Jensen Street
Las Vegas, NV 89149

THE PROPERTY LOCATED AT:
508 Setting Moon Street
North Las Vegas, NV 89084-1258

THE PROPERTY LOCATED AT:
6508 Setting Moon Street
North Las Vegas, NV 89084-1258

ATD COMMERCE, LLC
C/o US CORPORATE SOLUTIONS, LLC
2685 S. Rainbow Blvd., Suite 213
Las Vegas, NV 89146

ACM NORTH LLC.
C/o US CORPORATE SOLUTIONS, LLC
2685 S. Rainbow Blvd., Suite 213
Las Vegas, NV 89146

MAS HOLDINGS GROUP, LLC
US CORPORATE SOLUTIONS, LLC
2685 S. Rainbow Blvd., Suite 213
Las Vegas, NV 89146

SAWYER HOLDINGS, LLC
c/o JEFFREY BURR, LTD.
2600 Paseo Verde Pkwy., Suite 200
Henderson, NV 89074

By: //s// Lauretta L. Kehoe
Employee of Albright, Stoddard, Warnick & Albright

# EXHIBIT A

G. MARK ALBRIGHT, ESQ. (1394)
DANIEL R. ORMSBY, ESQ. (14595)
KYLE W. FENTON, ESQ. (16235)
**ALBRIGHT STODDARD, WARNICK & ALBRIGHT**
801 South Rancho Drive, Suite D-4
Las Vegas, Nevada 89106
T: (702) 384-7111 / F: (702) 384-0605
gma@albrightstoddard.com
dormsby@albrightstoddard.com
kfenton@albrightstoddard.com

MICHAEL MACHAT, Esq. CA Bar No. 109475
Appearing *pro hac vice*
MACHAT & ASSOCIATES, P.C.
8730 W. Sunset Blvd., Ste. 250
W. Hollywood, California 90069
Telephone: (310) 860-1833
michael@machatlaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SONIA FELDMAN,<br><br>                Plaintiff,<br><br>vs.<br><br>MARK ANTHONY SAWYER, ET AL.,<br>                Defendants. | CASE NO.:   2:24-cv-00526-JCM-MDC<br><br>**DECLARATION OF G. MARK ALBRIGHT, ESQ.<br>IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST CORPORATE DEFENDANTS** |

I, G. Mark Albright, hereby declare as follows:

1. **I am an attorney duly licensed to practice before all courts in the State of Nevada and am a partner with the law firm of Albright, Stoddard, Warnick & Albright.** I serve as local counsel for Plaintiff Sonia Feldman in the above-captioned matter. I have personal knowledge of the facts stated herein and, if called as a witness, could and would competently testify thereto.

2. **Plaintiff filed her Complaint on March 18, 2024 (ECF No. 1), and an Amended Complaint on May 29, 2024 (ECF No. 12), naming multiple defendants including corporate entities.** These corporate defendants include MJS Nevada Trust, ATD Commerce, LLC, ACM North, LLC, MAS Holdings Group, LLC, and Sawyer Holdings, LLC.

3. **On September 10, 2024, the corporate defendants, through then-counsel E. Brent Bryson, Esq., filed an Answer to Plaintiff's Amended Complaint (ECF No. 24).** Thereafter, on December 4, 2024, Mr. Bryson filed a Motion to Withdraw as Counsel (ECF No. 31), which the Court granted on December 20, 2024 (ECF No. 36).

4. **The Court's December 20, 2024 Order explicitly required all corporate defendants to retain licensed counsel and to file a notice of appearance no later than February 20, 2025.** The Order warned that failure to comply could result in sanctions, including judgment. Despite this clear directive, none of the corporate defendants have retained counsel or filed an appearance, and no substitute counsel has appeared on their behalf to date.

5. **On March 6, 2025, Plaintiff filed her Motion for Summary Judgment (ECF No. 37), which remains unopposed.** The Court issued a Klingele/Rand notice on March 7, 2025 (ECF No. 38), setting the opposition deadline for March 28, 2025. No corporate defendant has filed any opposition, appearance, or responsive pleading since that time.

6. **Plaintiff has repeatedly notified the Court of the defendants' noncompliance.** On April 4, 2025, Plaintiff filed a Notice of No Opposition (ECF No. 43). On May 21 and May 22, 2025, Plaintiff filed Notices of Non-Compliance with the Court's Orders (ECF Nos. 44 and 46).

7. **The record demonstrates that the corporate defendants have failed to defend this action and have violated a direct court order.** Their failure to obtain substitute counsel

renders them incapable of appearing in this Court under settled law and Ninth Circuit precedent. See *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993).

8. **Plaintiff now seeks entry of default and default judgment against these corporate defendants pursuant to Federal Rule of Civil Procedure 55.** The motion is based on the procedural history set forth above, the governing law, and the uncontested factual record.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 28th day of August, 2025, in Las Vegas, Nevada.

**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**

*/s/ G. Mark Albright, Esq.*

G. MARK ALBRIGHT, ESQ. (1394)
DANIEL R. ORMSBY, ESQ. (14595)
KYLE W. FENTON, ESQ. (16235)
801 South Rancho Drive, Suite D-4
Las Vegas, Nevada 89106
*Attorneys for Plaintiff*

Michael Machat, Esq.
California State Bar Number 109475
Appearing pro hac vice
8730 W. Sunset Blvd., Ste. 250
W. Hollywood, California 90069
Telephone: (310) 860-1833
Email: michael@machatlaw.com *Attorneys for Plaintiff*