Michael Machat, Esq.
Machat & Associates, PC
California State Bar Number 109475
*Appearing pro hac vice*
8730 W. Sunset Blvd., Ste. 250
W. Hollywood, California 90069
Telephone: (310) 860-1833
Email: michael@machatlaw.com

G. Mark Albright, Esq. (1394)
Daniel R. Ormsby, Esq. (14595)
Kyle W. Fenton, Esq. (16235)
Albright Stoddard, Warnick & Albright
801 South Rancho Drive, Suite D-4
Las Vegas, Nevada 89106
T: (702) 384-7111 / F: (702) 384-0605
gma@albrightstoddard.com
dormsby@albrightstoddard.com
kfenton@albrightstoddard.com

Attorneys for Plaintiff
Sonia Feldman

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SONIA FELDMAN, | Case Number: 2:24-cv-00526-JCM-MDC |
| Plaintiff, | **PREVAILING PARTY** |
| v. | **SONIA FELDMAN'S MOTION FOR CONTRACTUAL ATTORNEY FEES** |
| MARK ANTHONY SAWYER, ET AL., | |
| Defendants. | |

Following this Courts grant of default judgment against all defendants on March 25, 2025, Plaintiff Sonia Feldman hereby files her motion for contractual attorney's fees.

- 1 -

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.    PLAINTIFF IS ENTITLED TO HER ATTORNEYS' FEES

### A.  Sonia Feldman is Entitled to Attorneys' Fees Pursuant to the Contract.

Attorneys' fees are available if an enforceable contract provides for them. See *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 382 (2013) ("each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise"); *U.S. for Use & Benefit of Reed v. Callahan*, 884 F.2d 1180, 1185 (9th Cir. 1989) ("Fees are available only when authorized by statute or an enforceable contract"). A federal court sitting in diversity applies state law in determining an award of attorneys' fees. See *Klopfenstein v. Pargeter,* 597 F.2d 150, 152 (9th Cir. 1979).

The contracts in this case contain a California choice of law provision, which provides:

> This Agreement has been executed and delivered in the State of California and the validity, enforceability and interpretation of any of the clauses of this Agreement shall be determined and governed by the laws of the State of California." Machat Decl. ¶¶ 12 Exhibits 1 and 2, paragraph 6.

*Section 1717 of the California Civil Code provides* in relevant part:

> (a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

All the contracts in this case contained the following provision[1] at paragraph 7 of the contract:

---

[1] Copies of these contracts were submitted with Plaintiff's motion for summary judgment (ECF Nos. 37-3 and 37-4. For convenience a copy of these contracts which Defendant Sawyer was found in breach of are attached to the Machat Decl. ¶12 as Exhibits 1 and 2.

In any court action at law or equity that is brought by one of the parties to this Promissory Note to enforce or interpret the provisions thereof, the prevailing party will be entitled to reasonable attorneys' fees, in addition to any other relief to which that party may be entitled.

The language of § 1717 has been held to be sufficiently broad to include persons who had not signed the contract but were sued on the note and found not to be parties to it). *Babcock v. Omansky* (1973) 31 Cal.App.3d 625, 633-634; *Reynolds Metals Co. v. Alperson,* 25 Cal. 3d 124, 129, 599 P.2d 83, 86 (1979).

Here the Court has agreed that all the defendants were working together as one and entered default judgment as to all defendants. "There is no genuine dispute that Mark and Jennifer Sawyer were insolvent and running a Ponzi scheme, and that they formed the MJS Nevada trust to shield their assets from Ms. Feldman." ECF 56 at page 2.

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.,* 559 F.2d 557, 560 (9th Cir. 1977)). The amended complaint alleged that all the defendants were part of a civil conspiracy to take Plaintiff's money. ECF No. 12, ¶¶ 89 – 92.

The attorney's fees provision is sufficiently broad to include all the claims brought in this lawsuit. The attorney's fees paragraph number 7 states, "In any court action at law or equity" and that brings this lawsuit within the contractual attorney's fees language, as it has been necessary to bring this case in order for Ms. Feldman to recover her monies.

Ms. Feldman is the prevailing party in this lawsuit, as default judgment was entered in her favor. Per the express terms of paragraph 7 of the contracts, Ms. Feldman now requests reasonable attorney's fees in the amount of $162,540.00.

**B. Sonia Feldman Should be Awarded her Attorneys' Fees in the Amount**

MOTION FOR ATTORNEY'S FEES

**Requested.**

To determine the amount of fees, federal courts use the "lodestar method." *Morales v. City of San Rafael,* 96 F.3d 359, 363 (9th Cir. 1996). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* "[I]n most cases, the lodestar figure is presumptively a reasonable fee award[.]" *Ferland v. Conrad Credit Corp.,* 244 F.3d 1145, 1149 (9th Cir. 2001).

**C.    Sonia Feldman Requests Her Attorney's Fees expended in the related Los Angeles Superior Court Case that did not need to be duplicated in this case.**

Plaintiff first sued Mark Sawyer in Los Angeles Superior Court believing he lived in California. However, as that lawsuit progressed, Plaintiff learned that Sawyer had moved to Las Vegas. In the Los Angeles lawsuit, Plaintiff was able to obtain a pre-judgment writ of attachment, before obtaining a summary judgment. Plaintiff subpoenaed Sawyer's bank records and was able to determine that he bought an expensive car (a McLaren Senna) from the Vegas Auto Gallery for approximately $1,000,000. Plaintiff's attorney scoured hundreds of pages of Sawyer's bank records looking for ways to recover. During the pendency of the Los Angeles lawsuit, Plaintiff brought a lawsuit in this Court against the defendants seeking to recover from Sawyer's properties in Nevada, filing *lis pendens* along the way against the Defendant properties.  The hours expended in the Los Angeles litigation did not need to be duplicated in this case, resulting in less hours required to obtain a judgment here. Meanwhile a motion for attorney's fees was brought in the Los Angeles action, and the Court there granted an award of $81,000 in attorney's fees. A copy of that order is attached to the Machat Declaration as Exhibit 3. Machat Decl. ¶ 16.

In the California case, the Judge based its award on an hourly rate of $600 for Plaintiff's attorney. Plaintiff had requested an hourly rate of $750 based on a 9th Circuit Court ruling in *Stephanie Clifford, aka Stormy Daniels, v. Donald Trump,* 9th Circuit Case No. 20-55880, Dkt No. 60 Order dated 04/04/2023. The Los Angeles Superior Court judge however determined the

reasonable market rate for the matter to be $600 and rather than relitigate that rate, that is the hourly rate requested here.

**1. The Hourly Rate of Plaintiff's Attorney's Fees are Reasonable.**

"[T]he established standard when determining a reasonable hourly rate is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 979 (9th Cir. 2008). "[A]ffidavits of the parties' attorneys and other attorneys regarding prevailing fees in the community, and rate determinations in other cases ... are satisfactory evidence of the prevailing market rate." *Id*. at 980, quoting United Steelworkers of *Am. v. Phelps Dodge Corp*., 896 F.2d 403, 407 (9th Cir. 1990).

The accompanying Declaration of Michael Machat reflects counsel's litigation experience. Mr. Machat graduated from Duke University, Magna Cum Laude with a BA in philosophy in 1980 and from UCLA School of Law with a JD in 1983.  He is a member of both the New York Bar and the California Bar.  He has approximately 30 years of litigation experience, litigating cases in both the federal courts and the state courts.  He has first chaired 15 jury trials to verdict (mostly solo, with three of them being trademark jury trials) and he is one of the few IP practitioners who has taken a trademark dispute from start to finish to the United States Supreme Court and won, reversing 9th Circuit precedent – in that case establishing that the fair use defense is compatible with likelihood of confusion.  *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.,* 543 U.S. 111, 125 S. Ct. 542, 160 L. Ed. 2d 440, (U.S. Dec. 8, 2004). (Machat Decl. ¶¶ 2-4.

Mr. Machat routinely litigates federal cases with big law firms of the highest caliber.  For example, the opposing law-firm in the Supreme Court *KP Permanent Make-Up* case was Morrison and Foerster, and the lawyer signing the losing opposition brief was none other than Professor Thomas McCarthy, author of the widely acclaimed treatise *McCarthy on Trademarks.* (Machat Decl. ¶ ¶ 4-6.)

MOTION FOR ATTORNEY'S FEES

In Mr. Machat's case of *Vampire Family Brands v. MPL Brand*, opposing counsel were Ryan Stonerock and Henry Self, the two Trump attorneys with 9th Circuit approved billing rates of $756 to $775.  In that case after litigating for a year, MPL Brands agreed to suspend its use of the mark *vampiro* and paid a portion of its profits to Mr. Machat's client.[2]  The local defense attorneys Mr. Machat faced in other cases have included Mitchell Silberberg & Knupp; Arnold & Porter Kaye Scholer, LLP; Cooley and Leydig; Davis Wright Tremaine, LLP,  and Irell & Manella LLP. (Machat Decl. ¶¶ ¶ 6-8.)

Often, Mr. Machat represents the "little guy" going up against the big corporation represented by the most expensive law-firms in this district, and he regularly obtains favorable results, either winning at trial, or at the Supreme Court, or obtaining satisfactory settlements for his client. (Machat Decl. ¶ 9.)

The defendant Mark Sawyer in this judgment claimed to be worth almost a billion dollars, and he used symbols of wealth such as multiple expensive and exotic cars including Rolls Royces and Ferrraris to entrap his victims, including Ms. Feldman. (Machat Decl. ¶ 14.)  The fact that Mark Sawyer eventually chose not to defend the undefendable, works for his benefit too, as the number of hours expended obtaining a judgment was less than it would have been otherwise.   Nevertheless, he should pay Ms. Feldman's attorney's fees for not confessing to judgment in the first instance and forcing Ms. Feldman to continue prosecuting this case to judgment.

"Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Prison Legal News v. Schwarzenegger,* 608 F.3d 446, 454 (9th Cir.2010) (internal quotation marks omitted). Within this geographic community, the district court should "tak[e] into consideration the experience, skill, and reputation of the attorney [or paralegal]." *Dang,* 422 F.3d at 813 (internal quotation marks omitted). *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205–06 (9th Cir. 2013).

---

[2] Unlike most cases, the settlement agreement in this case was explicitly non-confidential. (Machat Decl. ¶ 8)

MOTION FOR ATTORNEY'S FEES

In *WSOU Invs., LLC v. Salesforce, Inc.,* No. 323CV00023RCJCSD, 2024 WL 307617, at *4 to*6 (D. Nev. Jan. 26, 2024) the Court discussed a range of hourly rates of attorney's fees awarded, and asked for, ranging from $300 an hour for attorneys with 5 to 10 years of experience to $1300 an hour for out-of-state counsel with years of experience, before ultimately arriving at and finding the rate of $600 per hour for attorneys with 23 years of experience to be reasonable. *Id* at *6.

Here, plaintiff's attorney has over 40 years of experience, and the requested rate of $600, found to be appropriate in Los Angeles, should be found appropriate here to, considering as well that Plaintiff is not requesting the attorney's fees for local counsel in this case expended. Accordingly, Mr. Machat's hourly rate for Lodestar determination ought to be $600[3], the rate determined by the Los Angeles Superior court judge in the related case.

**2. The Number of Hours Plaintiff's Attorney Expended are Reasonable.**

"By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2007); see also *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1081 (2010) ("An attorney's sworn testimony that, in fact, it took the time claimed is evidence of considerable weight on the issue of the time required") (quotations omitted); *Horsford v. Board of Trustees*, 132 Cal. App. 4th 359, 395-97 (2005) ("verified time statements of the attorneys, as officers of the court, are entitled to credence in the absence of a clear indication the records are erroneous").

---

[3] After litigating the Los Angeles case for five months, Plaintiff and her California attorney modified their fee agreement so that since March 2024, counsel has been working on a part contingency arrangement with a reduced hourly fee of $250 – approximately a 60% discount in exchange for accepting a piece of the hoped for recovery. (Machat Decl. ¶ 17). "A district court may not rely on a contingency agreement to increase or decrease what it determines to be a reasonable attorney's fee." *In re USA Com. Mortg. Co.*, 802 F. Supp. 2d 1147, 1184 (D. Nev. 2011.)

MOTION FOR ATTORNEY'S FEES

As set forth in the accompanying Machat Declaration and Exhibit 4, Plaintiff's California attorney performed 135.9 hours of legal work in this case. Machat Decl. ¶ 18.

Counsel has gone through his billing records, deleting various entries pertaining to matters not connected with this particular case – such as unrelated copyright or trademark matters worked on behalf of Plaintiff – and has organized them into four categories.  In order to successfully prosecute this action, Sonia Feldman's attorney performed the following tasks, among others: (i) hours spent on preparing the complaint and amended complaint and related matters such as tracing property records and recording *lis pendens* on the properties; (ii) time spent on the discovery phase dealing with defendants' lawyer at the time – E. Brent Bryson, working on the rule 26 report, issuing discovery documents, etc.; (iii) hours spent researching and writing a motion for summary judgment in this case; and (iv) hours spent working on filing for default and default judgment, including 8 hours spent on this motion. Notably, time expended by local counsel in this case has been excluded from the calculations.

### III. CONCLUSION

For the foregoing reasons, Ms. Feldman respectfully requests she be awarded attorney's fees in the amount of $162,540.00 calculated by multiplying 135.9 hours by the Lodestar rate of $600 and then adding in the $81,000 of attorney's fees adjudged by the Los Angeles Superior Court to be appropriate.

Dated:  April 14, 2026                    By: /s/*Michael Machat*
                                               Michael Machat (CA SBN 109475)
                                               Machat & Associates, PC
                                               8730 W. Sunset Blvd., Ste. 250
                                               West Hollywood, CA 90069
                                               Tel: (310) 860-1833
                                               Email: Michael@machatlaw.com
                                               Attorneys for Plaintiff
                                               Sonia Feldman

MOTION FOR ATTORNEY'S FEES

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I hereby certify that on this 14th day of April 2026, I mailed a copy of the foregoing motion to each defendant at the addresses listed below.

DATED this 14th day of April 2026

**Machat & Associates, PC**

By: /s/Michael Machat

MARK SAWYER
6940 N. Jensen St,
Las Vegas, NV 89149
Email: msawyer2729@yahoo.com

JENNIFER SAWYER
6940 N. Jensen St,
Las Vegas, NV 89149
Email: jen61002@hotmail.com

MJS NEVADA TRUST
6940 N. Jensen St,
Las Vegas, NV 89149

THE PROPERTY LOCATED AT:
6508 Setting Moon Street
North Las Vegas, NV 89084-1258

ATD COMMERCE, LLC.
C/o US CORPORATE SOLUTIONS, LLC
2685 S. Rainbow Blvd., Suite 213
Las Vegas, NV 89146

ACM NORTH, LLC.
C/o US CORPORATE SOLUTIONS, LLC
2685 S. Rainbow Blvd., Suite 213
Las Vegas, NV 89146

MAS HOLDINGS GROUP, LLC.
C/o US CORPORATE SOLUTIONS, LLC
2685 S. Rainbow Blvd., Suite 213
Las Vegas, NV 89146

SAWYER HOLDINGS, LLC
C/o JEFFREY BURR, LTD.
2600 Paseo Verde Pkwy., Suite 200
Henderson, NV 89074

- 9 -