Michael Machat, Esq.
Machat & Associates, PC
California State Bar Number 109475
*Appearing pro hac vice*
8730 W. Sunset Blvd., Ste. 250
W. Hollywood, California 90069
Telephone: (310) 860-1833
Email: michael@machatlaw.com

G. Mark Albright, Esq. (1394)
Daniel R. Ormsby, Esq. (14595)
Kyle W. Fenton, Esq. (16235)
Albright Stoddard, Warnick & Albright
801 South Rancho Drive, Suite D-4
Las Vegas, Nevada 89106
T: (702) 384-7111 / F: (702) 384-0605
gma@albrightstoddard.com
dormsby@albrightstoddard.com
kfenton@albrightstoddard.com

Attorneys for Plaintiff
Sonia Feldman

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SONIA FELDMAN,<br><br>Plaintiff,<br><br>v.<br><br>MARK ANTHONY SAWYER, ET AL.,<br><br>Defendants. | Case Number: 2:24-cv-00526-JCM-MDC<br><br>**DECLARATION OF MICHAEL MACHAT IN SUPPORT OF PLAINTIFF SONIA FELDMAN'S MOTION FOR ATTORNEY FEES** |

I, Michael Machat, do hereby declare and state that:

1. This declaration is based upon my own personal knowledge and if called to testify, I would testify as follows:

- 1 -

MACHAT DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION ATTORNEY'S FEES

1.    I am an attorney admitted to practice law in the States of California and New York, before the Ninth and Federal Circuit Courts of Appeals, the US District Courts for the Central District of California, the Southern District of New York, the Eastern District of California, the Eastern District of Texas, and the United States Supreme Court.  I am the attorney for Plaintiff Sonia Feldman.  I am over 18 years of age and am competent to testify as to the matters set forth herein. I make the following statements based upon my own personal knowledge, unless expressly stated otherwise.

2.    In 1980 I graduated from Duke University magna cum laude with a BA in philosophy, and in 1983 I graduated from UCLA School of Law with a JD.  I am a member of both the New York Bar and the California Bar.

3.    In 1992, I transitioned from transactional law to civil litigation starting with a few years of criminal law in 1992.  Over the past thirty years, I have tried 15 jury trials as lead counsel in both the state and federal courts.

4.    Amongst my notable cases is *KP Permanent Make-up v. Lasting Impression I, Inc.*, 543 US 211 (2004) which I took to the US Supreme Court on a writ of certiorari after the 9th Circuit reversed a summary judgment I won for my client in the US District Court. Ultimately, we prevailed on our argument that the classic fair use defense was compatible with likelihood of confusion.  When we got to the Supreme Court level, the law firm representing the other side was Morrison & Foerster, and the brief was signed by Thomas McCarthy, the author of McCarthy on Trademarks.  That case has led many people to seek out my services building my non-discounted market rate to the requested $750 per hour.

5.    More recently, in 2024, I won a trademark jury trial in *World Axe Throwing League v. Cold Steel, Inc.*, Case No. 2:20−cv−11407 JAK (Ex), and in 2018, I won another trademark jury trial in *Talent Mobile Development v. Headios Group*,  Case No. CV 18-0156-DOC (DFMx).  I obtained a jury verdict in the second case in excess of. $700,000.

6.    I litigate many cases regarding the Vampire trademark for wine, and the attorneys on the other side are usually big law firms, including Mitchell Silberberg & Knupp; Arnold & Porter

MACHAT DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION ATTORNEY'S FEES

Kaye Scholer, LLP; Cooley and Leydig; Davis Wright Tremaine, LLP and Irell & Manella LLP, etc.

7. In the case of *Vampire Family Brands v. MPL Brand*, my opposing counsel were Ryan Stonerock and Henry Self, the two Trump attorneys with billing rates of $756 to $775 that were approved by the 9th Circuit in *Stephanie Clifford, aka Stormy Daniels, v. Donald Trump,* 9th Circuit Case No. 20-55880, Dkt No. 60 Order dated 04/04/2023.

8. In that last case after litigating for a year, MPL Brands in a nonconfidential agreement, agreed to suspend its use of the mark *vampiro* and paid a portion of its profits to my client.

9. Often, I represent the "little guy" going up against the big corporation or a foreign government or even a local government represented by the most expensive law-firms in Central district of California, and I regularly have obtained favorable results, either winning at trial, or at the Supreme Court, or obtaining satisfactory settlements for his client.

10. Perhaps my most interesting case was the case of the *Federal Republic of Germany v. Albert Sendrey*, No. BC124144, which went to trial in the Los Angeles Superior Court. I successfully defended Albert Sendrey, a holocaust victim who the German government accused of cashing a few hundred thousand dollars of reparation payments intended for his deceased father, who also was a holocaust victim.

11. Prior to filing this case, where I appear *pro hac vice,* on behalf of Ms. Feldman, I filed a lawsuit against Mark Anthony Sawyer in the Los Angeles Superior Court, case no. 23STCV26012.

12. I have attached as Exhibits 1 and 2, the contracts that both Ms. Feldman and Mr. Sawyer signed that Mr. Sawyer defaulted on that led to the lawsuits. Those contracts are already on file in this case at ECF Nos. 37-3 and 37-4. I have attached them here for convenience. Paragraph 7 of each agreement has an attorney's fees clause entitling the prevailing party to reasonable attorney's fees.

MACHAT DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION ATTORNEY'S FEES

13. Prior to filing any lawsuits against Mark Sawyer, I had been (and I still am) representing Sonia Feldman in connection with trademarks and copyrights of music. During the course of that representation Ms. Feldman requested advice regarding Mr. Sawyer's failure to pay back any part of her investment. Sensing a Ponzi Scheme I advised Ms. Feldman not to lose time and file suit immediately. If Sawyer did turn out to be legitimate, we could dismiss it. Unfortunately, my instinct was correct, and it was a Ponzi Scheme. Sawyer still has not explained what he did with Ms. Feldman's money or any other victims' money. So much of my time was investigative in nature. Those hours are not included in the time submitted.

14. The defendant Mark Sawyer used his symbols of wealth such as owning multiple expensive and exotic cars including Rolls Royces and Ferrari's to entrap his victims. In this case I was able to trace the proceeds from the funds my client entrusted with him and was able to determine he used approximately one million dollars of Ms. Feldman's monies to pay the Vegas Auto Gallery for the purchase of a McLaren Senna.

15. Ultimately, all the defendants stopped participating in the defense of this case. However, the fact that they chose not to defend the undefendable works for their benefit too in an odd way, as the number of hours I spent obtaining a judgment would have been many more if they had not given up defending. Nevertheless, the defendants still forced my client to incur expenses for preparing the complaint and amended complaint, the period of time afterwards during which discovery was taken and communications with defendants' lawyer Brent Bryson, before he withdrew, the time spent on research and writing a motion for summary judgment, and the time spent filing for default and default judgment.

16. I believe my market rate of $750 per hour is appropriate as the 9th Circuit approved that same rate for Mr. Stonerock and Mr. Self, also attorneys in the LA market. In this case however, I am asking $600 per hour to be consistent with the ruling issued by the Los Angeles Superior Court in the related case of *Feldman v. Sawyer*, Case No. 23STCV26012. I have attached a copy of the ruling on the attorney's fees motion in that related case as Exhibit 3.

MACHAT DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION ATTORNEY'S FEES

17.   After litigating the Los Angeles case for five months, I agreed to modify my fee agreement with Ms. Feldman to a blended contingency/fee agreement. Since March 2024, I have been working on a part contingency arrangement with a reduced hourly fee of $250 – approximately a 60% discount in exchange for accepting a piece of the hoped for recovery.

18.   In this case, I was cautious not to run up the hours and efficient with my time. I have attached my time records as Exhibit 4.  The total hours were 135.9 broken up as follows:  Just 32.9 hours spent writing and filing the complaint and amended complaint and related first stage litigation matters including arranging for service of process; 26 hours on the discovery phase working with defendants' attorney Brent Bryson before he withdrew, preparing discovery requests, rule 26 reports; 51 hours researching and writing the motion for summary judgment; and 26 hours working on the motion for default and default judgment which includes 8 hours for this motion.

19.   I have appeared pro hac vice in this case on behalf of Ms. Feldman, and we retained local counsel Albright and Stoddard in addition to Louis Schneider. No hours are being submitted or requested for the time they spent on this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:  April 14, 2026

*/s/Michael Machat*
Michael Machat

MACHAT DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION ATTORNEY'S FEES