# EXHIBIT 3

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 40

**23STCV26012**                                                          December 6, 2024
**SONIA FELDMAN vs MARK ANTHONY SAWYER, et al.**                         8:30 AM

Judge: Honorable Michael Shultz              CSR: None
Judicial Assistant: Chante L. Warren         ERM: None
Courtroom Assistant: Annfrancis Solis        Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Michael Machat (Via LA Court Connect

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Hearing on Motion for Attorney Fees

Cause is called for Hearing.

The Court reviews and considers the Motion for Attorney's Fees, filed by the Plaintiff on October 18, 2024, and, all related Documents to the Motion.

A Tentative Ruling is issued by the Court.

Counsel for Plaintiff submits to the Court's Tentative Ruling, and the Court orders the Tentative Ruling is Adopted as the Final Ruling by the Court.

The Plaintiff's Motion for Attorney Fees (Res ID: 3740) filed by Sonia Feldman on 10/18/2024 is Granted.

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
I.        BACKGROUND
   This action arises from an alleged breach of contract arising from Defendant, Anthony Sawyer's, failure to honor promissory notes owed to Plaintiff totaling $2,837,33.24. On August 9, 2024, the Hon. Anne Richardson granted Plaintiff's motion for summary adjudication in Plaintiff's favor and against Defendant, Mark Sawyer. All other Defendants have been dismissed.
   Plaintiff requests an award of fees totaling $142,762.50. The promissory notes from which this action arises include an attorney fee provision. (Michael Machat decl. Ex. 1, ¶ 7; Ex. 2, ¶ 7.) Plaintiff's counsel submits his billing records. (Machat decl., Ex.3.)  Defendant did not file an opposition.
II.        LEGAL STANDARDS
   To determine whether fees are reasonable, the court begins with the lodestar, which is the number of hours reasonably spent multiplied by the reasonable hourly rate. (*PLCM Group v.*

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 40

**23STCV26012**                                                                    December 6, 2024
**SONIA FELDMAN vs MARK ANTHONY SAWYER, et al.**                    8:30 AM

Judge: Honorable Michael Shultz              CSR: None
Judicial Assistant: Chante L. Warren         ERM: None
Courtroom Assistant: Annfrancis Solis        Deputy Sheriff: None

---

*Drexler* (2000) 22 Cal.4th 1084, 1095.) The court considers a number of factors including "the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case.'" (PLCM Group at 1096.) The lodestar figure can be adjusted based on the factors specific to the case. (Id.)

To determine a reasonable market rate, "the courts will look to equally difficult or complex types of litigation." (*Syers Properties III, Inc. v. Rankin* (2014) 226 Cal.App.4th 691, 700.) The "market rate" is generally based on the rates prevalent in the community where the court is located. (*Id.*) The trial court is in the best position to value the services rendered by the attorneys in his or her courtroom for the type of litigation at issue.

While counsel submits that $750 per hour is a reasonable market rate, there is no evidence that he has been approved by a court at that rate. Counsel bases this rate on rates obtained by opposing counsel in a federal court action. (Matchat decl., ¶ 7.) This state-court action was not complex; Plaintiff asserted claims for breach of contract, fraud, open book account, conversion, unjust enrichment, and unfair competition for breach of promissory notes.

Plaintiff's counsel is entitled to "'compensation for *all* the hours *reasonably spent*' in litigating the action to a successful conclusion. (*Ibid.,* italics in original.) 'Reasonably spent' means that time spent 'in the form of inefficient or duplicative efforts is not subject to compensation. (*Horsford v. Board of Trustees of California State University* (2005) 132 Cal.App.4th 359, 394.)

The lodestar may be augmented or diminished "by taking various relevant factors into account including (1) the novelty and difficulty of the questions involved and the skill displayed in presenting them; (2) the extent to which the nature of the litigation precluded other employment by the attorneys; and (3) the contingent nature of the fee award, based on the uncertainty of prevailing on the merits and of establishing eligibility for the award." (*Robertson* at 819.)

The court has considered the foregoing factors and finds that the 13-page complaint did not raise novel or complex issues. Plaintiff filed this action on October 24, 2023, and obtained judgment on August 19, 2024, less than one year later. All of Plaintiff's applications for relief were unopposed, including the motion for summary adjudication as Defendant Sawyer stopped participating in the case. (Matchat decl., ¶ 15.) The court finds that $600 per hour is a reasonable hourly rate for a non-complex, unopposed, breach of contract action.

The court has reviewed the billing records. Plaintiff provides the following breakdown of hours expended.

| TASK | HOURS REQUESTED | HOURS PERMITTED |
|---|---|---|
| Writing and filing the complaint and arranging for service of | 22.50 | 16.00 |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 40

**23STCV26012**                                                                    December 6, 2024
**SONIA FELDMAN vs MARK ANTHONY SAWYER, et al.**                                        8:30 AM

Judge: Honorable Michael Shultz           CSR: None
Judicial Assistant: Chante L. Warren       ERM: None
Courtroom Assistant: Annfrancis Solis      Deputy Sheriff: None

| process | | |
|---|---|---|
| Research, finding assets and writing the motion for a writ of attachment | 86.45 | 50.00 |
| Researching the motion for summary adjudication | 73.40 | 65.00 |
| Preparing the fee motion | 8.00 | 4.00 |
| Total hours | 190.35 | 135.00 |

The court reduces reasonable hours spent to 135 hours at a reasonable hourly rate of x $600 = $81,000.

## V.   CONCLUSION
Based on the foregoing, the court grants Plaintiff's motion for attorney's fees and awards total fees of $81,000.

Notice is waived.

---