UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SONIA FELDMAN,

Plaintiff,

v.

MARK ANTHONY SAWYER, et al.,

Defendants.

Case No. 2:24-cv-00526-JCM-MDC

**ORDER**

Presently before the court is plaintiff Sonia Feldman's motion for attorney fees. (ECF No. 57). Defendants Mark Anthony Sawyer and Jennifer Ann Sawyer have not responded, and the time to do so has now passed.[1]

Also before the court is plaintiff's bill of costs. (ECF No. 58). No objection or tax bill of costs was filed.

**I.    Background**

Plaintiff Feldman invested in defendant Mark Sawyer's purported "bridge loan program" to the tune of $1,176,337.13. (ECF No. 56 at 1). To convince her to invest in the program, Sawyer impressed upon Feldman that he would be more than able to double her money; however, upon receipt, he spent it on personal matters. (*Id.*).

After repeated failed attempts to get Sawyer to pay back even a fraction of her money, Feldman filed suit in Los Angeles Superior Court and then in this court. (*Id.* at 2). The promissory notes litigated in this action contain a California choice of law provision. (ECF No. 57). Specifically, the notes provide that the validity, enforceability, and interpretation of the agreement are governed by California law. (*Id.*).

---

[1]    While defendant has failed to respond to the motion, that failure to respond does not constitute a consent to its granting since the underlying motion is for attorney fees. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."). This court's order granting default judgment stated that plaintiff would be entitled to attorney fees upon motion. (ECF No. 56). However, the court must determine the appropriate amount of fees to be paid.

1

The court granted default judgment in favor of plaintiff on March 25, 2026, and judgment has been entered in this case.  (ECF No. 56).  The only issues remaining are attorney fees and costs.

On April 14, 2026, Plaintiff filed the instant motion for contractual attorney fees in the amount of $162,540.000.  (ECF No. 57).  Two days after the response deadline, on April 30, 2026, defendants filed a notice that they are currently subject to bankruptcy proceedings, pursuant to 11 U.S.C § 362.  (ECF No. 62).

## II.    Legal Standard

The filing of a bankruptcy petition triggers the automatic stay under 11 U.S.C § 362(a).  The court may determine the amount of fees and costs owed by the parties, but any enforcement or collection of the award must be stayed unless and until the bankruptcy stay is lifted or otherwise terminated.  NRS 18.010.

"In an action involving state law claims, we apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule."  *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999); *see also Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 (1975).  When there is a valid choice of law provision in a contract, the chosen state's laws, including statutes and caselaw interpreting those statutes, will control the action.  *Soro v. Eighth Judicial Dist. Court*, 411 P.3d 358, 363 (Nev. Ct. App. 2017).  Under both California and Nevada law, reasonable attorney fees are available when authorized by contract.  NRS 18.010; *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 879 P.2d 69, 73 (Nev. 1994); *LCM Grp., Inc. v. Drexler*, 997 P.2d 511, 515 (2000).

"In Nevada, the method upon which a reasonable fee is determined is subject to the discretion of the court, which is tempered only by reason and fairness."  *Shuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530, 549 (Nev. 2005).  A court may "begin with any method rationally designed to calculate a reasonable amount."  *Id*.  Similarly, in California, "the amount to be awarded in attorney fees is left to the sound discretion of the trial court."  *PLCM Grp., Inc. v. Drexler*, 997 P.2d 511,518 (Cal. 2000); *see also Vella v. Hudgins* 198 Cal. Rptr. 725 (Cal. App. 1984).

## III.   Discussion

Here, the promissory notes memorializing Feldman's investment with Sawyer provide that "attorney's fees and costs … shall be awarded either to one of the parties or to the prevailing parties." (ECF No. 56, Exs. 1 and 2).

"When calculating the amount of attorney fees to be awarded in litigation, the district court applies the lodestar method, multiplying the number of hours expended by a reasonable hourly rate." *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 763 (9th Cir. 2015) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  The reasonableness of the requested fee is then determined with reference to the twelve *Kerr* factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).  A district court may reduce the amount of requested fees to reflect a party's limited degree of success, to account for block billing, or to deduct hours deemed excessive as long as it provides an adequate explanation for its fee calculation.  *Ryan*, 786 F.3d at 763.

### A.  Rate Requested

The controlling test for determining a reasonable hourly rate requires the rate to be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984); *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007).  As a general rule, the court considers the reasonable hourly rate in the relevant community, which is the forum in which the district court sits.  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

Here, plaintiff's counsel, Michael Michat, charged an hourly rate of $250, but requests the court grant an hourly rate of $600.  (ECF No. 57 at 8); (ECF No. 57-1 ¶ 17).  He argues that this court should adopt the $600 rate because it is the rate the Los Angeles Superior Court found to be

3

reasonable in the related case, *Feldman v. Sawyer*, No. 23STCV26012. (ECF No. 57 at 7). But this is not the rate at which he charged plaintiff for his work *in this case*.

Accordingly, the court will reduce the requested amount to reflect the $250 hourly rate agreed upon by plaintiff and her counsel.

A $250 hourly rate is reasonable in Las Vegas, Nevada. For the Las Vegas market, this court has regularly awarded fees where the hourly rates at issue were between $200 and $600. *See, e.g.*, *Gibbs v. Rivers Transp. Grp., Inc.*, No. 2:13-cv-00935, 2014 WL 204928, at *3 (D. Nev. Jan. 17, 2014) (finding a $250 hourly rate reasonable in Las Vegas); *Nicks v. PlusFour, Inc.*, No. 2:22-cv-01683, 2023 WL 7042026, at *1 (D. Nev. Oct. 24, 2023) (finding a $475 hourly rate reasonably for an experienced consumer-finance attorney within the context of a default judgment); *United States ex rel. Cretney-Tsosie v. Creekside Hospice II, LLC*, No. 2:13-cv-00167, 2018 WL 4409367, at *4 (D. Nev. Sept. 17, 2018) (finding hourly rates between $250 and $630 reasonable in Las Vegas, awarding $600/hour only at the very top of that documented range for a highly experienced attorney); *Lewis v. Caesars Entm't Corp.*, No. 2:16-cvv-02787, 2019 U.S. Dist. LEXIS 63188, at *28 n.10 (D. Nev. Apr. 11, 2019) (finding a $200 hourly rate reasonable in Las Vegas in a default judgment context involving state-law contract claims where the court independently assessed the rates as reasonable ).

B. Hours Expended

The court must also determine whether the hours expended were reasonable. Hours that are excessive, redundant, or otherwise unnecessary should be excluded from the fee award. *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009). The prevailing party bears the burden of submitting billing records sufficient to establish that the hours requested were reasonably expended. *Gonzales v. City of Maywood*, 729 F.3d 1196, 1202–03 (9th Cir. 2013).

After reviewing the billing records submitted to the court, the court finds the 135.9 hours expended on this case to be reasonable.

Plaintiff also requests that the court grant $81,000 in attorney fees for the time expended on litigation in the related case in Los Angeles Superior Court. The court denies this request because the Los Angeles Superior Court already found that plaintiff's counsel was entitled to $81,000 in

attorney's fees for the work performed in the California action and awarded those fees on December 6, 2024. (ECF No. 57, Ex. 3). Thus, plaintiff's counsel has already recovered reasonable attorney's fees for the work performed in that case.

**IV.    Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the case be stayed.

IT IS ALSO ORDERED that plaintiff's motion for attorney fees (ECF No. 57) be, and the same hereby is, GRANTED in part.

Plaintiff is awarded attorney fees in the amount of $33,975.00 for the services provided by Machat & Associates, PC. The amount of $33,975.00 is calculated by multiplying 135.9 hours by $250. Pursuant to the stay on this case, payment shall be withheld pending the resolution of the bankruptcy proceedings. Upon resolution of such proceedings, the parties are ORDERED to provide notice to the court of such resolution and a copy of the bankruptcy court's order along with any other relevant documents.

Dated this 26th day of June, 2026.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE